LEX REX INSTITUTE
ALEXANDER H. HABERBUSH, ESQ. SBN 330368
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone: (562) 435-9062
Facsimile:  (562) 600-7570
Email: ahaberbush@lexrex.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| B.B., a minor by and through her mother, Chelsea Boyle; and CHELSEA BOYLE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CAPISTRANO UNIFIED SCHOOL DISTRICT; JESUS BECERRA, an individual in his individual and official capacities; CLEO VICTA, an individual in her individual and official capacities; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: 8:23-cv-306 <br><br> Assigned to <br><br> **COMPLAINT FOR** <br> **1)  VIOLATION OF CIVIL RIGHTS: 42 U.S.C. 1983, U.S. Const., amends. I, XIV** <br> **2)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** <br> **3)  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** <br> **4)  NEGLIGENT SUPERVISION** <br> **5)  RETALIATORY HARASSMENT** <br> **6)  DELIBERATE INDIFFERENCE** |

COMES NOW B.B., a minor by and through her mother, Chelsea Boyle ("Chelsea" and/or "Mrs. Boyle) and Chelsea Boyle (collectively, "Plaintiffs") and for causes of action against Defendants Capistrano Unified School District ("CUSD"); JESUS BECERRA ("Becerra"), an individual in his individual and official capacities; CLEO VICTA ("Victa"), an individual in her individual and official capacities (collectively," Defendants"); and DOES 1 through 50, inclusive, allege as follows:

## JURISDICTION AND VENUE

1.      This action arises under the laws of the United States and the State of California.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this district.

**PARTIES**

4. Plaintiff Chelsea Boyle is an individual residing in the State of California in the County of Orange.

5. Plaintiff B.B. is a minor and the daughter of Chelsea Boyle. B.B. is also a resident of the State of California in the County of Orange.

6. Defendant Capistrano Unified School District is a public school district located in the State of California in the County of Orange.

7. Defendant Becerra is an employee of CUSD and the principal of Viejo Elementary School, an elementary school within CUSD. Plaintiffs are informed, believe, and, on that basis allege that Becerra lives in the State of California in the County of Orange.

8. Defendant Victa is an employee of CUSD. Plaintiffs are informed, believe, and, on that basis allege that Victa lives in the State of California in the County of Orange.

**FACTUAL ALLEGATIONS**

9. From on or about August, 2019 through on or about June, 2022, B.B. was a student at Viejo Elementary School ("Viejo"), a school within CUSD.

10. From on or about September, 2022 through December, 2022, B.B. was a student at San Juan Elementary School ("San Juan"), also a school within CUSD.

11. At all times relevant herein, B.B. was an elementary school student at schools within CUSD.

12. B.B. suffers from Attention Deficit Hyperactivity Disorder ("ADHD") and art is the primary therapeutic outlet for this disorder. Because of this, she regularly draws pictures at school. Drawing was one of B.B.'s favorite recreational activities.

13. On or about September 6, 2020, Mrs. Boyle wrote and sent an email to Jesus Becerra requesting that B.B. not receive instruction relating to the concept of Critical

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

Race Theory ("CRT") or the political movements associated with it.

14. On or about March 2021, B.B. drew a picture at school depicting individuals of various races getting along, with the words "Black Lives Mater [sic]" and "Any Life" written below. B.B.'s intent was to show children of various races getting along, and she had a diverse set of friends (the "Drawing"). A true and correct copy the drawing is included hereinbelow.



15. One of B.B.'s classmates took the Drawing home, and on information and belief, the classmate's parents took issue with the Drawing presented their concerns and the picture to Becerra.

16. On or about March 31, 2021, Becerra confronted B.B. about the Drawing and reprimanded her, culminating in Becerra's demand that B.B. apologize for drawing the picture.

17. The apology was compelled publicly during recess, in front of approximately 150 students and some members of the school staff.

18. B.B. was also "benched" and instructed not to draw pictures for her friends at school or express her belief that all lives have equal worth.
B.B. suffered emotional distress, humiliation, and ostracization as a result of the compelled apology, benching, and instruction not to draw pictures for her friends at school or express her beliefs.

19. As a result of the incident, B.B. stopped drawing altogether, including while at home B.B. did not inform Mrs. Boyle about the incident, out of fear she would be

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

1  punished a second time at home.

2  20. Mrs. Boyle was not informed of the incident until over 11 months later, on
3  or about March 8, 2022, when a friend and parent of another student at San Juan
4  mentioned it to her in passing.

5  21. After becoming aware of the incident, Mrs. Boyle filed a formal complaint
6  with CUSD.

7  22. On information and belief, CUSD appointed Becerra to investigate, despite
8  the claim being against Becerra, and he concluded, *intra alia*, that B.B. had not been
9  reprimanded and, contradictorily, that he had no recollection of the incident. A true and
10 correct copy of the Level I Response is attached hereto and incorporated herewith as
11 Exhibit "A."

12 23. On or about March 15, 2022, Mrs. Boyle escalated the complaint to Level
13 II.

14 24. During the Level II complaint process, CUSD staff falsely and knowingly
15 attributed statements to Mrs. Boyle that she did not make.

16 25. In its Level II Response, a true and correct copy of which is attached hereto
17 and incorporated herewith as Exhibit "'B," CUSD failed to address the underlying cause
18 of Chelsea's complaint and instead repeated numerous of her private text messages, out
19 of context, in an attempt to discredit her.

20 26. Mrs. Boyle suffered emotional distress and humiliation as a result of CUSD's
21 false attribution of statements to her as well as the contents of the Level II Response.

22 27. Mrs. Boyle subsequently appealed her claim to Level III and had an
23 in-person meeting with Supervisor Cary Johnson in early April 2022. CUSD rejected the
24 appeal but acknowledged that it had improperly appointed Becerra to investigate himself.
25 A true and correct copy of the Level III response is attached hereto and incorporated
26 herewith as Exhibit "C."

27 28. Mrs. Boyle suffered emotional distress and humiliation as a result of CUSD's
28 false attribution of statements to her during the complaint review process.

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

29. On or about July 13, 2022, Plaintiffs presented a claim for damages to the CUSD related to the incident in which B.B was compelled to apologize for the Drawing.

30. On or about October 24, 2022, Plaintiffs received CUSD's response to their claim for damages. The response denied the claim and informed Plaintiffs of the six-month deadline for filing an action in court.

31. Plaintiffs are informed, believe, and on that basis allege that, on or about August 17, 2022, as a result of Mrs. Boyle's assertion of her and her daughter's rights, during a staff meeting, Victa called Mrs. Boyle "mentally unstable" and asserted that Mrs. Boyle's claims about her daughter were false.

32. Victa has never treated Mrs. Boyle in a clinical or any other context.

33. When Mrs. Boyle learned of the incident in the staff meeting, she suffered severe emotional distress.

## FIRST CAUSE OF ACTION

## Violation of B.B.'s First Amendment Rights (42 U.S.C. § 1983)

34. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

35. Defendants, acting under color of state law, violated BB's First Amendment rights to freedom of speech and expression by compelling her to apologize publicly for her Drawing and instructing her not to draw pictures for her friends at school or express her beliefs.

36. Defendants' actions were objectively unreasonable and caused B.B. emotional distress and humiliation.

## SECOND CAUSE OF ACTION

## Violation of BB's Fourteenth Amendment Due Process Rights (42 U.S.C. § 1983)

37. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

38. Defendants, acting under color of state law, violated B.B.'s Fourteenth Amendment due process rights by depriving her of a fair and impartial investigation of

the March 31 Incident, in which Becerra was appointed to investigate his own misconduct and exonerated himself.

39. Defendants' actions were objectively unreasonable and caused B.B. emotional distress and humiliation.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

40. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

41. Defendants intentionally inflicted emotional distress on B.B. by compelling her to apologize publicly, benching her, and instructing her not to draw pictures for her friends at school or express her beliefs.

42. Defendants' actions were extreme and outrageous, and caused B.B. severe emotional distress and humiliation.

## FOURTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

43. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

44. Defendants negligently inflicted emotional distress on B.B. by failing to inform Mrs. Boyle of the March 31 Incident, conducting a biased and incomplete investigation, and falsely attributing statements to Mrs. Boyle during the complaint process.

45. Defendants' actions were negligent and caused B.B. severe emotional distress and humiliation.

## FIFTH CAUSE OF ACTION
### Negligent Supervision

46. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

47. Defendants negligently supervised Becerra and failed to adequately train him

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

and other CUSD employees in how to properly handle complaints, investigate incidents, and interact with students.

48. Defendants' actions Defendants' actions were negligent and caused B.B. severe emotional distress and humiliation.

## SEVENTH CAUSE OF ACTION
## Retaliatory Harassment (42 U.S.C. § 1983)

49. Plaintiffs re-allege and incorporate by reference the allegations in the preceding paragraphs.

50. Becerra's actions in compelling B.B. to apologize and benching her after she drew a picture containing the words "Black Lives Matter" were motivated by a desire to retaliate against B.B. for exercising her First Amendment rights. Specifically, Becerra was allegedly upset that B.B.'s picture contained the phrase "Black Lives Matter," which he may have viewed as politically controversial, and punished her in an attempt to silence her.

51. Becerra's retaliation did not end with the March 31 Incident. After Chelsea Boyle learned of the incident and demanded an apology from Becerra, CUSD officials falsely attributed statements to her that she did not make, called her a liar, and refused to take appropriate action to address the harm caused to B.B. Victa also publicly defamed Chelsea when she called her "mentally unstable" during the factulty meeting. CUSD's actions were also motivated by a desire to retaliate against Chelsea for speaking out against Becerra's alleged misconduct.

52. As a result of Becerra's retaliatory harassment and CUSD's subsequent actions, B.B. and Chelsea suffered emotional distress, humiliation, and the violation of their constitutional rights.

53. Defendants, through their employees, agents, and representatives, engaged in retaliatory harassment against Chelsea and her family, in violation of 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution.

54. Defendants' conduct was motivated by a desire to retaliate against Chelsea

and B.B. for speaking out about the hostile environment at the school.

55. Defendants' retaliatory conduct was severe and pervasive and deprived Chelsea and her family of their constitutional rights.

56. As a result of Defendants' conduct, Chelsea and B.B. suffered harm, including but not limited to emotional distress and economic harm.

## EIGHTH CAUSE OF ACTION
## Deliberate Indifference

57. Defendants, through their employees, agents, and representatives, were deliberately indifferent to the harassment and retaliation that Chelsea and B.B. experienced, in violation of Title IX, 42 U.S.C. § 1983, and the Fourteenth Amendment to the U.S. Constitution.

58. Defendants had an obligation to adequately investigate and respond to Plaintiff's complaints of harassment and retaliation. Defendants' deliberate indifference to the harassment and retaliation to which Plaintiffs were subjected constitutes deliberate indifference and a deliberate failure to provide a safe environment for students to learn and teachers to teach.

59. Defendants knew or should have known of the sexual harassment and retaliation, but failed to take prompt and effective remedial action to address the harassment and retaliation.

60. Defendants' deliberate indifference was a direct and proximate cause of the harm suffered by Plaintiffs.

61. As a result of Defendants' conduct, Plaintiffs suffered severe and lasting harm, including emotional distress, anxiety, fear, loss of educational opportunities, and physical harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. Compensatory damages in an amount to be determined at trial;
2. Punitive damages in an amount to be determined at trial;

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

3. Attorneys' fees and costs;

4. Prejudgment interest;

5. An injunction requiring CUSD to implement proper procedures for handling complaints and investigations, and to adequately train its employees; and

6. Any other relief that the Court deems just and proper.

Respectfully Submitted,

HABERBUSH, LLP

Dated: February 21, 2023        By: /s/ Alexander H. Haberbush
                                                  ALEXANDER H. HABERBUSH,
                                                  Attorneys for Plaintiffs

LEX REX INSTITUTE
CONSTITUTIONAL ADVOCATES
444 WEST OCEAN BOULEVARD, SUITE 1403
LONG BEACH, CA 90802

G:\Legal\Clients\Actual\Active\Boyle\Pleadings\Complaint\COMPLAINT.(good to file).wpd        9        THIS DOCUMENT PREPARED ON RECYCLED PAPER.