COURTNEY L. HYLTON (SBN 214929)
chylton@hyltonapc.com
BRENDAN M. GARDINER (SBN 347730)
bgardiner@hyltonapc.com
LADAN SHELECHI (SBN 303558)
lshelechi@hyltonapc.com
**HYLTON & ASSOCIATES**
A Professional Corporation
18201 Von Karman Avenue, Suite #430
Irvine, CA 92612
(949) 603-0404 Telephone

Attorneys for Defendant, CAPISTRANO UNIFIED SCHOOL DISTRICT; JESUS BECERRA; and CLEO VICTA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.B., a minor by and through her mother, CHELSEA BOYLE; and CHELSEA BOYLE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT, et al.<br><br>Defendant. | CASE NO. 8:23-cv-00306-DOC-ADS<br><br>*Assigned for All Purposes to:*<br>*Hon. David O. Carter – Courtroom 10A*<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>Date: February 12, 2024<br>Time: 8:30 a.m.<br>Dept.: 10A<br><br>*Trial Date:* March 19, 2024<br><br>*Complaint filed: February 21, 2023* |

/ / /

/ / /

/ / /

/ / /

1

**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TO THE COURT, PLAINTIFF, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Colt Services, Colt Group, LLC, Colt Services, Inc., and Colt Services, L.P. ("Defendants") hereby submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of their Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment, pursuant to L. R. 56-1:

### STATEMENT OF UNCONTROVERTED MATERIAL FACTS AND CONCLUSIONS OF LAW

Defendants are entitled to summary judgment pursuant to *Fed. R. Civ. P*. 56.

### UNCONTROVERTED MATERIAL FACTS

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #1 (Plaintiff made a drawing that stated "Black Lives Mater" and "any life"). | Deposition of Plaintiff B.B. Vol. 1, taken October 5, 2023 ("B.B. Depo Vol. 1") at Pg. 13:4-6; Declaration of Courtney L. Hylton ("Hylton Decl.") at ¶ 2, Ex. A |
| #2 (Plaintiff made the drawing on her own; she was not instructed to make the drawing by anyone). | B.B. Depo Vol. 1, 27:22-24; Hylton Decl. ¶ 2, Ex. A |
| #3 (Plaintiff gave the drawing to a classmate, M.C.). | B.B. Depo Vol. 1, 17:15-16; Hylton Decl. ¶ 2, Ex. A |
| #4 (M.C.'s mother, Cathy Clay, saw the drawing). | Deposition of Cathy Clay taken October 4, 2023 ("Clay Depo") at Pg. 18:7-10; Hylton Decl. ¶ 4, Ex. C |
| #5 (Cathy Clay informed Becerra about the drawing via email). | Clay Depo 27:17-19; 93:11-14; Hylton Decl. ¶ 4, Ex. C |
| #6 (Clay's email stated, "My husband | Clay Email to Becerra (CUSD 000154), |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | and I will not tolerate any more messages given to our daughter at school because of her skin color… As the administrator we trust you know the actions that need to be taken to address the issue."). | Hylton Decl. ¶ 5, Ex. D; Clay Depo, 93:1-14. |
| 7<br>8<br>9 | #7 (Becerra called Clay and Clay told him the drawing came from Plaintiff and Becerra said he would investigate). | Clay Depo, 35:25-36:7; Hylton Decl. ¶ 3, Ex. C |
| 10<br>11 | #8 (Plaintiff told Becerra she drew the drawing). | B.B. Depo Vol. 1, 20:20-25; Hylton Decl. ¶ 2, Ex. A |
| 12<br>13<br>14 | #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate). | B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A |
| 15<br>16<br>17<br>18 | #10 (Plaintiff claims Becerra told Plaintiff she was not allowed to draw anymore). | Deposition of Plaintiff B.B. Vol. 2, taken November 6, 2023 ("B.B. Depo Vol. 2") 51:11-13; Hylton Decl. ¶ 3, Ex. B |
| 19<br>20 | #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.). | B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A |
| 21<br>22<br>23 | #12 (Plaintiff claims she apologized M.C., saying "I'm sorry for the drawing" and nothing else). | B.B. Depo Vol. 1, 22:19-23; Hylton Decl. ¶ 2, Ex. A |
| 24<br>25<br>26 | #13 (In all his conversations with Clay, Becerra referred to the drawing as from an innocent child). | Clay Depo 41:17-42:5; Hylton Decl. ¶ 4, Ex. C |
| 27 | #14 (Plaintiff alleges she was told by | B.B. Depo Vol. 2, 61:4-6; Hylton Decl. |

28

3
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | | |
|---|---|---|
| 1, 2 | Ms. Vera and Ms. Mesa that she had to sit out from recess for two weeks). | ¶ 3, Ex. B |
| 3, 4, 5 | #15 (Plaintiff claims neither Vera nor Mesa told Plaintiff why she had to sit out from recess). | B.B. Depo Vol. 2, 56:17-24; 57:17-23; Hylton Decl. ¶ 3, Ex. B |
| 6, 7 | #16 (Neither Vera nor Mesa said anything to Plaintiff about the drawing). | B.B. Depo Vol. 2 55:14-17; 57:8-10; Hylton Decl. ¶ 3, Ex. B |
| 8, 9, 10 | #17 (Plaintiff alleges Vera and Mesa said nothing else to Plaintiff about sitting out from recess). | B.B. Depo Vol. 2 61:15-17; Hylton Decl. ¶ 3, Ex. B |
| 11, 12 | #18 (Becerra did not tell Plaintiff she had to sit out from recess). | B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B |
| 13, 14, 15 | #19 (There was no email documentation of this interaction with Plaintiff and Becerra). | Deposition of Jesus Becerra, taken October 11, 2023 ("Becerra Depo"), 66:19-22; Hylton Decl. ¶ 6, Ex. E |
| 16, 17, 18 | #20 (Plaintiff's missing recess for two weeks was not documented in her discipline file). | Hylton Decl. ¶ 8, Ex. G (CUSD 000275-000276) |
| 19, 20 | #21 (Plaintiff continued to draw at school after Mr. Becerra talked to her). | B.B. Depo Vol. 2, 55:1-3; Hylton Decl. ¶ 3, Ex. B |
| 21, 22 | #22 (At no time when Plaintiff was at school was Becerra mean to her). | B.B. Depo Vol. 2, 51:2-5; Hylton Decl. ¶ 3, Ex. B |
| 23, 24 | #23 (Plaintiff does not really ever think about the drawing incident). | B.B. Depo Vol. 2 64:12-18; 64:25 – 65:2; Hylton Decl. ¶ 3, Ex. B |
| 25, 26, 27 | #24 (Plaintiff never filed a Tort Claim prior to filing her Complaint). | Plaintiff's Response to District's Request for Admissions No. 16; Hylton Decl. ¶ 9, Ex. H |

28

| | | |
|---|---|---|
| 1 2 3 4 | #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class). | Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F. |
| 5 6 | #26 (Victa was a counselor at Viejo Elementary during this school year). | Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F |
| 7 8 | #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus). | Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F |
| 9 10 11 | #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class). | Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F |
| 12 13 | #29 (Ms. Victa was making sure that Plaintiff was safe). | Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F |
| 14 15 16 17 | #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom). | B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B |
| 18 19 | #31 (During this interaction, Ms. Victa was being nice to Plaintiff). | B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B |
| 20 21 | #32 (Ms. Victa never spoke with Plaintiff about the drawing). | B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B |
| 22 23 | #33 (Becerra was far away from Plaintiff). | B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B |
| 24 25 26 | #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie). | B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B |
| 27 28 | #35 (After Becerra talked to Plaintiff | B.B. Depo Vol. 2, 51:18-24; Hylton |

5
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| about the drawing, he never talked to her about the drawing again). | Decl. ¶ 3, Ex. B |

Defendants are separately entitled to partial summary judgment for each of the following causes of action and/or claims:

1. Plaintiff's First Cause of Action under 42 *U.S.C.* § 1983 for "Violation of B.B.'s First Amendment Rights" against Becerra is barred by qualified immunity as Plaintiff has no evidence to support a constitutional violation.

## UNCONTROVERTED MATERIAL FACTS

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #1 (Plaintiff made a drawing that stated "Black Lives Mater" and "any life"). | Deposition of Plaintiff B.B. Vol. 1, taken October 5, 2023 ("B.B. Depo Vol. 1") at Pg. 13:4-6; Declaration of Courtney L. Hylton ("Hylton Decl.") at ¶ 2, Ex. A |
| #3 (Plaintiff gave the drawing to a classmate, M.C.). | B.B. Depo Vol. 1, 17:15-16; Hylton Decl. ¶ 2, Ex. A |
| #5 (Cathy Clay informed Becerra about the drawing via email). | Clay Depo 27:17-19; 93:11-14; Hylton Decl. ¶ 4, Ex. C |
| #6 (Clay's email stated, "My husband and I will not tolerate any more messages given to our daughter at school because of her skin color… As the administrator we trust you know the actions that need to be taken to address the issue."). | Clay Email to Becerra (CUSD 000154), Hylton Decl. ¶ 5, Ex. D; Clay Depo, 93:1-14. |

| | |
|---|---|
| #8 (Plaintiff told Becerra she drew the drawing). | B.B. Depo Vol. 1, 20:20-25; Hylton Decl. ¶ 2, Ex. A |
| #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate). | B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.). | B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A |
| #18 (Becerra did not tell Plaintiff she had to sit out from recess). | B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B |
| #22 (At no time when Plaintiff was at school was Becerra mean to her). | B.B. Depo Vol. 2, 51:2-5; Hylton Decl. ¶ 3, Ex. B |

2.  Plaintiff's Fifth Cause of Action under 42 *U.S.C.* § 1983 for "Retaliatory Harassment" against Becerra is barred by qualified immunity as Plaintiff has no evidence to support a constitutional violation.

**UNCONTROVERTED MATERIAL FACTS**

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.). | B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A |
| #15 (Plaintiff claims neither Vera nor Mesa told Plaintiff why she had to sit out from recess). | B.B. Depo Vol. 2, 56:17-24; 57:17-23; Hylton Decl. ¶ 3, Ex. B |
| #16 (Neither Vera nor Mesa said anything to Plaintiff about the drawing). | B.B. Depo Vol. 2 55:14-17; 57:8-10; Hylton Decl. ¶ 3, Ex. B |
| #18 (Becerra did not tell Plaintiff she had to sit out from recess). | B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B |
| #20 (Plaintiff's missing recess for two | Hylton Decl. ¶ 8, Ex. G (CUSD |

| | | |
|---|---|---|
| 1<br>2 | weeks was not documented in her discipline file). | 000275-000276) |
| 3<br>4 | #21 (Plaintiff continued to draw at school after Mr. Becerra talked to her). | B.B. Depo Vol. 2, 55:1-3; Hylton Decl. ¶ 3, Ex. B |
| 5<br>6<br>7<br>8 | #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class). | Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F. |
| 9<br>10 | #26 (Victa was a counselor at Viejo Elementary during this school year). | Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F |
| 11<br>12 | #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus). | Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F |
| 13<br>14<br>15 | #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class). | Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F |
| 16<br>17 | #29 (Ms. Victa was making sure that Plaintiff was safe). | Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F |
| 18<br>19<br>20<br>21 | #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom). | B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B |
| 22<br>23 | #31 (During this interaction, Ms. Victa was being nice to Plaintiff). | B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B |
| 24<br>25 | #32 (Ms. Victa never spoke with Plaintiff about the drawing). | B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B |
| 26<br>27 | #33 (Becerra was far away from Plaintiff). | B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B |
| 28 | | |

**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie). | B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B |
| #35 (After Becerra talked to Plaintiff about the drawing, he never talked to her about the drawing again). | B.B. Depo Vol. 2, 51:18-24; Hylton Decl. ¶ 3, Ex. B |

3. Plaintiff's Fifth Cause of Action under 42 *U.S.C.* § 1983 for "Retaliatory Harassment" against Victa is barred by qualified immunity as Plaintiff has no evidence to support a constitutional violation.

**UNCONTROVERTED MATERIAL FACTS**

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class). | Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F. |
| #26 (Victa was a counselor at Viejo Elementary during this school year). | Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus). | Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class). | Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F |
| #29 (Ms. Victa was making sure that Plaintiff was safe). | Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to | B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B |

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| talk to him" prior to Plaintiff going into the bathroom). | |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff). | B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing). | B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B |

4. Becerra is entitled to qualified immunity as he did not violate a "clearly established" constitutional right.

**UNCONTROVERTED MATERIAL FACTS**

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #6 (Clay's email stated, "My husband and I will not tolerate any more messages given to our daughter at school because of her skin color… As the administrator we trust you know the actions that need to be taken to address the issue."). | Clay Email to Becerra (CUSD 000154), Hylton Decl. ¶ 5, Ex. D; Clay Depo, 93:1-14. |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.). | B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A |
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class). | Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F. |
| #26 (Victa was a counselor at Viejo Elementary during this school year). | Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F |
| #27 (Ms. Victa was concerned that | Victa Depo 26:9-11; Hylton Decl. ¶ 7, |

| | |
|---|---|
| Plaintiff's brother would leave campus). | Ex. F |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class). | Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F |
| #29 (Ms. Victa was making sure that Plaintiff was safe). | Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom). | B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff). | B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing). | B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B |
| #33 (Becerra was far away from Plaintiff). | B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B |
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie). | B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B |

5. Victa is entitled to qualified immunity as she did not violate a "clearly established" constitutional right.

### UNCONTROVERTED MATERIAL FACTS

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who | Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F. |

**11**
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| would not go back to class). | |
| #26 (Victa was a counselor at Viejo Elementary during this school year). | Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus). | Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class). | Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F |
| #29 (Ms. Victa was making sure that Plaintiff was safe). | Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom). | B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff). | B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing). | B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B |

6. Plaintiff's Third Cause of Action for "Intentional Infliction of Emotional Distress" and Fourth Cause of Action for "Negligent Hiring, Supervision, and/or Retention" fail as a matter of law as Plaintiff did not file a Tort Claim in compliance with the *Government Code*.

**UNCONTROVERTED MATERIAL FACTS**

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #24 (Plaintiff never filed a Tort Claim prior to filing her Complaint). | Plaintiff's Response to District's Request for Admissions No. 16; Hylton |

|   |   |
|---|---|
|   | Decl. ¶ 9, Ex. H |

7. Plaintiff's Third Cause of Action for "Intentional Infliction of Emotional Distress" against Becerra fails to state a claim and is meritless as Plaintiff has no evidence to support her claim.

**UNCONTROVERTED MATERIAL FACTS**

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate). | B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.). | B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A |
| #18 (Becerra did not tell Plaintiff she had to sit out from recess). | B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B |
| #22 (At no time when Plaintiff was at school was Becerra mean to her). | B.B. Depo Vol. 2, 51:2-5; Hylton Decl. ¶ 3, Ex. B |
| #33 (Becerra was far away from Plaintiff). | B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B |
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie). | B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B |

8. Plaintiff's Third Cause of Action for "Intentional Infliction of Emotional Distress" Victa fails to state a claim and is meritless as Plaintiff has no evidence to support her claim.

**UNCONTROVERTED MATERIAL FACTS**

| SUF #/ Undisputed Fact | Evidence |
|---|---|

| SUF #/ Undisputed Fact | Evidence |
|---|---|
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class). | Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F. |
| #26 (Victa was a counselor at Viejo Elementary during this school year). | Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus). | Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class). | Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F |
| #29 (Ms. Victa was making sure that Plaintiff was safe). | Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom). | B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff). | B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing). | B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B |

9. Plaintiff's Fourth Cause of Action for "Negligent Hiring, Supervision and/or Retention" against Capistrano Unified School District fails to state a claim and is without merit as no duty was breached.

**UNCONTROVERTED MATERIAL FACTS**

| SUF #/ Undisputed Fact | Evidence |
|---|---|

| | | |
|---|---|---|
| 1 2 3 | #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate). | B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A |
| 4 5 | #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.). | B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A |
| 6 7 8 9 | #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class). | Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F. |
| 10 11 | #26 (Victa was a counselor at Viejo Elementary during this school year). | Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F |
| 12 13 | #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus). | Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F |
| 14 15 16 | #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class). | Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F |
| 17 18 | #29 (Ms. Victa was making sure that Plaintiff was safe). | Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F |
| 19 20 21 22 | #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom). | B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B |
| 23 24 | #31 (During this interaction, Ms. Victa was being nice to Plaintiff). | B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B |
| 25 26 | #32 (Ms. Victa never spoke with Plaintiff about the drawing). | B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B |
| 27 28 | #33 (Becerra was far away from | B.B. Depo Vol. 2, 75:17-19; Hylton |

15
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| Plaintiff). | Decl. ¶ 3, Ex. B |
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie). | B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B |

DATED: January 12, 2024

**HYLTON & ASSOCIATES**
A Professional Corporation

By: _____
**COURTNEY L. HYLTON**
**BRENDAN M. GARDINER**
**LADAN SHELECHI**
Attorneys for Defendant, CAPISTRANO UNIFIED SCHOOL DISTRICT; JESUS BEERRA; and CLEO VICTA

16
**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Case Name: **B.B., et al. v. Capistrano Unified School Dist., et al.**
Case No.: 8:23-cv-00306-DOC-ADS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 18201 Von Karman Avenue, Suite #430, Irvine, CA 92612.

    On **January 12, 2024**, I served the foregoing document(s) described as **DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT** on the interested parties by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Alexander Haberbush, Esq.<br>LEX REX INSTITUTE<br>444 W. Ocean Boulevard, Suite #1403<br>Long Beach, CA 90802<br><br>ahaberbush@lexrex.org<br>kjones@lexrex.org<br><br>562-435-9062<br>562-600-7570 – Facsimile<br><br>Counsel for Plaintiffs | Ryan Heath, Esq.<br>Amber Terry, Esq.<br>HEATH LAW, PLLC<br>16427 N. Scottsdale Rd., Suite 370<br>Scottsdale, Arizona 85254<br><br>Ryan.heath@heathlaw.com<br>Amber.terry@heathlaw.com<br><br>(480) 432-0208<br><br>Counsel for Plaintiffs |

☐   **BY MAIL**: As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, I deposited such envelope in the mail at Irvine, California.

☐   **BY FACSIMILE:** I caused all of the pages of the above-entitled document to be sent to the recipient(s) noted via facsimile at the respective telephone numbers indicated above.

☒   **VIA ELECTRONIC MAIL (CM/ECF) -** all parties listed above have been served via electronic mail through the court's CM/ECF system, which automatically generates a Notice of Electronic Filing (NEF) allowing registered e-filers to retrieve the document.

☐   **BY FEDERAL EXPRESS/OVERNIGHT MAIL**: I caused the above-described document to be served on the interested parties noted as follows

Case Name: **B.B., et al. v. Capistrano Unified School Dist., et al.**
Case No.: 8:23-cv-00306-DOC-ADS

       by Federal Express/Overnight Mail.

☐    **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand to the office(s) of the addressee via messenger.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **January 12, 2024**, at Irvine, California.

_Samantha Ortiz_
**Samantha Ortiz**

- ii -
**PROOF OF SERVICE**