**LEX REX INSTITUTE**
ALEXANDER H. HABERBUSH, ESQ. SBN 330368
DEBORAH L. PAULY, ESQ. SBN 350345
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone: (562) 435-9062
E-mail: AHaberbush@LexRex.org

**HEATH LAW, PLLC**
RYAN L. HEATH, ESQ. AZ SBN 036276*
AMBER R. TERRY, ESQ.  DC SBN 1766035*
16427 N. Scottsdale Rd., Suite 370
Scottsdale, Arizona 85254
Telephone: (480) 522-6615
E-mail: ryan.heath@thegavelproject.com
*pro hac vice*

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.B., a minor by and through her mother, Chelsea Boyle, <br><br> Plaintiffs, <br><br> v. <br><br> CAPISTRANO UNIFIED SCHOOL DISTRICT; JESUS BECERRA, an individual in his individual and official capacities; CLEO VICTA, an individual in her individual and official capacities; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. 8:23-cv-00306-DOC-ADS <br><br> *Assigned for All Purposes to:* <br> *Hon. David O. Carter – Courtroom 10A* <br><br> **PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** <br><br> **Hearing Date:** <br> Date:      February 12, 2024 <br> Time:      8:30 a.m. <br> Dept.:      10A <br><br> *Trial Date: March 12, 2024* <br><br> *Complaint Filed: February 21, 2023* |

**TO THE COURT, DEFENDANTS, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that B.B., a minor by and through her mother, Chelsea Boyle ("B.B.") ("Plaintiff") hereby submits the following Statement of Genuine Disputes of Material Facts and Conclusions of Law in opposition of Defendants' Motion for Summary Judgment, either in full or in part, pursuant to L.R. 56-2.

## STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #1 (Plaintiff made a drawing that stated "Black Lives Mater" and "any life".)<br><br>(Deposition of Plaintiff B.B. Vol. 1, taken October 5, 2023 ("B.B. Depo Vol. 1") at Pg. 13:4-6; Declaration of Courtney L. Hylton ("Hylton Decl.") at ¶ 2, Ex. A) | Undisputed. |
| #2 (Plaintiff made the drawing on her own; she was not instructed to make the drawing by anyone.)<br><br>(B.B. Depo Vol. 1, 27:22-24; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #3 (Plaintiff gave the drawing to a classmate, M.C.)<br><br>(B.B. Depo Vol. 1, 17:15-16; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #4 (M.C.'s mother, Cathy Clay, saw the drawing.)<br><br>(Deposition of Cathy Clay taken October 4, 2023 ("Clay Depo") at Pg. 18:7-10; Hylton Decl. ¶ 4, Ex. C) | Disputed. Clay did not see the drawing until M.C. was home, off campus and outside of school hours.<br><br>("Clay Depo" at pg. 18:2-9) |
| #5 (Cathy Clay informed Becerra about the drawing via email.) | Disputed. Becerra did not "see" the e-mail until a |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| (Clay Depo 27:17-19; 93:11-14; Hylton Decl. ¶ 4, Ex. C) | counselor sent it over.<br><br>("Becerra Depo" at pg. 12: 21-25.) |
| #6 (Clay's email stated, "My husband and I will not tolerate any more messages given to our daughter at school because of her skin color... As the administrator we trust you know the actions that need to be taken to address the issue.")<br><br>(Hylton Decl. ¶ 5, Ex. D; Clay Depo, 93:1-14.) | Undisputed.<br><br>(Objection. Hearsay.) |
| #7 (Becerra called Clay and Clay told him the drawing came from Plaintiff and Becerra said he would investigate.)<br><br>(Clay Depo, 35:25-36:7; Hylton Decl. ¶ 3, Ex. C) | Disputed. Clay told Becerra the drawing came from Plaintiff.<br><br>("Becerra Depo" at pg.16: 8-25.)<br><br>(Objection. Hearsay.) |
| #8 (Plaintiff told Becerra she drew the drawing.)<br><br>(B.B. Depo Vol. 1, 20:20-25; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate.)<br><br>(B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A) | Disputed. Becerra told Plaintiff the drawing was "inappropriate" *and* "racist."<br><br>("B.B. Depo" Vol. 1, at pg 33:16-20) |
| #10 (Plaintiff claims Becerra told Plaintiff she was not allowed to draw anymore.)<br><br>(Deposition of Plaintiff B.B. Vol. 2, taken November 6, 2023 ("B.B. Depo Vol. 2") 51:11-13; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.)<br><br>(B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| | Disputed. B.B. spoke to M.C. |

**3**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| #12 (Plaintiff claims she apologized to M.C., saying "I'm sorry for the drawing" and nothing else.)<br><br>(B.B. Depo Vol. 1, 22:19-23; Hylton Decl. ¶ 2, Ex. A) | after the initial apology, when they got back to the classroom after recess and, again, apologized.<br><br>(B.B. Depo. Vol. 1, pg. 34:10-12). |
| #13 (In all his conversations with Clay, Becerra referred to the drawing as from an innocent child.)<br><br>(Clay Depo 41:17-42:5; Hylton Decl. ¶ 4, Ex. C) | Undisputed. |
| #14 (Plaintiff alleges she was told by Ms. Vera and Ms. Mesa that she had to sit out from recess for two weeks.)<br><br>(B.B. Depo Vol. 2, 61:4-6; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #15 (Plaintiff claims neither Vera nor Mesa told Plaintiff why she had to sit out from recess.)<br><br>(B.B. Depo Vol. 2, 56:17-24; 57:17-23; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #16 (Neither Vera nor Mesa said anything to Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2 55:14-17; 57:8-10; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #17 (Plaintiff alleges Vera and Mesa said nothing else to Plaintiff about sitting out from recess.)<br><br>B.B. Depo Vol. 2 61:15-17; Hylton Decl. ¶ 3, Ex. B | Undisputed. |
| #18 (Becerra did not tell Plaintiff she had to sit out from recess.)<br>(B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #19 (There was no email documentation of this interaction with Plaintiff and Becerra.)<br><br>(Deposition of Jesus Becerra, taken October 11, 2023 ("Becerra Depo"), 66:19-22; Hylton Decl. ¶ | Undisputed. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| 6, Ex. E) | |
| #20 (Plaintiff's missing recess for two weeks was not documented in her discipline file.)<br><br>(Hylton Decl. ¶ 8, Ex. G (CUSD 000275-000276)) | Undisputed.<br><br>(Objection. Hearsay and Lack of Foundation.) |
| #21 (Plaintiff continued to draw at school after Mr. Becerra talked to her.)<br><br>(B.B. Depo Vol. 2, 55:1-3; Hylton Decl. ¶ 3, Ex. B) | Disputed. Plaintiff stopped drawing in the presence of others and only drew in secret out of fear of punishment.<br><br>(B.B. Depo Vol. 1, 32:3-9; Hylton Decl. ¶ 3, Ex. B) |
| #22 (At no time when Plaintiff was at school was Becerra mean to her.)<br><br>(B.B. Depo Vol. 2, 51:2-5; Hylton Decl. ¶ 3, Ex. B) | Disputed. Becerra made B.B. feel ashamed and embarrassed for her drawing. Becerra also called B.B. a "liar" when B.B. wrote him a letter asking him to be kinder in the response of Boyle going through the appeals process.<br><br>(B.B. Depo Vol. 2, pg. 79:10-19). |
| #23 (Plaintiff does not really ever think about the drawing incident.)<br><br>(B.B. Depo Vol. 2 64:12-18; 64:25 – 65:2; Hylton Decl. ¶ 3, Ex. B) | Disputed. B.B. began and continued therapy to help with the aftermath of the drawing incident.<br><br>(B.B.'s Response to Victa's Interrogatories No. 6). |
| #24 (Plaintiff never filed a Tort Claim prior to filing her Complaint.)<br><br>(Plaintiff's Response to District's Request for Admissions No. 16; Hylton Decl. ¶ 9, Ex. H) | Disputed. Chelsea Boyle, Plaintiff's mother and guardian ad litem, filed a tort claim on Plaintiff's behalf and was going through the internal complaint process with CUSD, telling them she |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| | was seeking counsel, giving notice to the Defendants of the claims herein.<br><br>("Defendants' Motion for Summary Judgment" at pg. 10) |
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class.)<br><br>(Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F.) | Undisputed. |
| #26 (Victa was a counselor at Viejo Elementary during this school year.)<br><br>(Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F) | Undisputed. |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus.)<br><br>(Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F) | Disputed. Defendants' supporting evidence merely shows that Victa was "a little" concerned but that Becerra was *not* concerned about safety issues regarding the students at this time.<br><br>("Victa Depo" at pg. 26:9-11; pg. 24:21-23; pg. 25:2) |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class.)<br><br>Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F | Disputed. Defendants' supporting evidence does not distinguish which class Plaintiff or her brother were to be in, if any class at all, instead of recess, for example.<br><br>("Victa Depo" at pg. 18:21-23) |
| #29 (Ms. Victa was making sure that Plaintiff was safe.) | Disputed. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| (Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F) | (B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom.)<br><br>(B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff.)<br><br>(B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B) | Disputed. Victa was aggressively following B.B., even to the door of the girls' restroom.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #33 (Becerra was far away from Plaintiff.)<br><br>(B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B) | Disputed. Becerra was close to Plaintiff.<br><br>(Plaintiff's Exhibit A; Video footage) |
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie.)<br><br>(B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #35 (After Becerra talked to Plaintiff about the drawing, he never talked to her about the drawing again.)<br><br>(Decl. ¶ 3, Ex. B) | Disputed to the extent that Becerra made B.B. feel ashamed and embarrassed for her drawing. Becerra also called B.B. a "liar" when B.B. wrote him a letter asking him to be kinder in the response of Boyle going |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | through the appeals process. |
| | (Response to Interrogatory No. 15(3)) |

Defendants are not separately entitled to partial summary judgment for any of the following causes of action:

1. Plaintiff's First Cause of Action under 42 *U.S.C.* § 1983 for the Violation of Plaintiff's First Amendment Rights against Becerra is not barred by qualified community as Plaintiff does have evidence to support a constitutional violation.

### GENUINE DISPUTES OF MATERIAL FACTS

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #1 (Plaintiff made a drawing that stated "Black Lives Mater" and "any life".) <br><br> (Deposition of Plaintiff B.B. Vol. 1, taken October 5, 2023 ("B.B. Depo Vol. 1") at Pg. 13:4-6; Declaration of Courtney L. Hylton ("Hylton Decl.") at ¶ 2, Ex. A) | Undisputed. |
| #3 (Plaintiff gave the drawing to a classmate, M.C.) <br><br> (B.B. Depo Vol. 1, 17:15-16; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #5 (Cathy Clay informed Becerra about the drawing via email.) <br><br> (Clay Depo 27:17-19; 93:11-14; Hylton Decl. ¶ 4, Ex. C) | Disputed. Becerra did not "see" the e-mail until a counselor sent it over. <br><br> ("Becerra Depo" at pg. 12: 21-25.) |
| #6 (Clay's email stated, "My husband and I will not tolerate any more messages given to our daughter at school because of her skin color... As | Undisputed. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| the administrator we trust you know the actions that need to be taken to address the issue.")<br><br>(Hylton Decl. ¶ 5, Ex. D; Clay Depo, 93:1-14.) | |
| #8 (Plaintiff told Becerra she drew the drawing.)<br><br>(B.B. Depo Vol. 1, 20:20-25; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate.)<br><br>(B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A) | Disputed. Becerra told Plaintiff the drawing was "inappropriate" *and* "racist."<br><br>("B.B. Depo" Vol. 1, at pg 33:16-20) |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.)<br><br>(B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #18 (Becerra did not tell Plaintiff she had to sit out from recess.)<br>(B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #22 (At no time when Plaintiff was at school was Becerra mean to her.)<br><br>(B.B. Depo Vol. 2, 51:2-5; Hylton Decl. ¶ 3, Ex. B) | Disputed. Becerra made B.B. feel ashamed and embarrassed for her drawing. Becerra also called B.B. a "liar" when B.B. wrote him a letter asking him to be kinder in the response of Boyle going through the appeals process.<br><br>(B.B.'s Response to Becerra's Interrogatories No. 15(3)) |

2. Plaintiff's Fifth Cause of Action under 42 *U.S.C.* § 1983 for Retaliatory Harassment against Becerra is not barred by qualified immunity as Plaintiff

**9**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

has supporting evidence of a constitutional violation.

## GENUINE DISPUTES OF MATERIAL FACTS

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.)<br><br>(B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #15 (Plaintiff claims neither Vera nor Mesa told Plaintiff why she had to sit out from recess.)<br><br>(B.B. Depo Vol. 2, 56:17-24; 57:17-23; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #16 (Neither Vera nor Mesa said anything to Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2 55:14-17; 57:8-10; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #18 (Becerra did not tell Plaintiff she had to sit out from recess.)<br>(B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #20 (Plaintiff's missing recess for two weeks was not documented in her discipline file.)<br><br>(Hylton Decl. ¶ 8, Ex. G (CUSD 000275-000276)) | Undisputed. |
| #21 (Plaintiff continued to draw at school after Mr. Becerra talked to her.)<br><br>(B.B. Depo Vol. 2, 55:1-3; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student | Undisputed. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| who would not go back to class.)<br><br>(Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F.) | |
| #26 (Victa was a counselor at Viejo Elementary during this school year.)<br><br>(Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F) | Undisputed. |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus.)<br>(Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F) | Disputed.    Defendants' supporting evidence merely shows that Victa was "a little" concerned but that Becerra was *not* concerned about safety issues regarding the students at this time.<br><br>("Victa Depo" at pg. 26:9-11; pg. 24:21-23; pg. 25:2) |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class.)<br><br>Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F | Disputed.    Defendants' supporting evidence does not distinguish which class Plaintiff or her brother were to be in, if any class at all, instead of recess, for example.<br><br>("Victa Depo" at pg. 34:8-25) |
| #29 (Ms. Victa was making sure that Plaintiff was safe.)<br><br>(Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F) | Disputed.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom.)<br><br>(B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. | Undisputed. |

**11**
**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| B) | |
|---|---|
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff.)<br><br>(B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B) | Disputed. Victa was aggressively following B.B., even to the door of the girls' restroom.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #33 (Becerra was far away from Plaintiff.)<br><br>(B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B) | Disputed. Becerra relatively close to the incident with Victa.<br><br>(Plaintiff's Exhibit A; Video footage) |
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie.)<br><br>(B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #35 (After Becerra talked to Plaintiff about the drawing, he never talked to her about the drawing again.)<br><br>(Decl. ¶ 3, Ex. B) | Disputed to the extent that Becerra made B.B. feel ashamed and embarrassed for her drawing. Becerra also called B.B. a "liar" when B.B. wrote him a letter asking him to be kinder in the response of Boyle going through the appeals process.<br><br>(Response to Interrogatory No. 15(3)) |

///

**12**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

3. Plaintiff's Fifth Cause of Action under 42 *U.S.C.* § 1983 for Retaliatory Harassment against Victa is not barred by qualified immunity as Plaintiff has supporting evidence of a constitutional violation.

## GENUINE DISPUTES OF MATERIAL FACTS

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class.)<br><br>(Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F.) | Undisputed. |
| #26 (Victa was a counselor at Viejo Elementary during this school year.)<br><br>(Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F) | Undisputed. |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus.)<br><br>(Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F) | Disputed. Defendants' supporting evidence merely shows that Victa was "a little" concerned but that Becerra was *not* concerned about safety issues regarding the students at this time.<br><br>("Victa Depo" at pg. 26:9-11; pg. 24:21-23; pg. 25:2) |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class.)<br><br>Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F | Disputed. Defendants' supporting evidence does not distinguish which class Plaintiff or her brother were to be in, if any class at all, instead of recess, for example. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| | ("Victa Depo" at pg. 34:8-25) |
| #29 (Ms. Victa was making sure that Plaintiff was safe.)<br><br>(Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F) | Disputed.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom.)<br><br>(B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff.)<br><br>(B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B) | Disputed. Victa was aggressively following B.B., even to the door of the girls' restroom.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |

4. Becerra is not entitled to qualified immunity as he did violate a clearly established constitutional right.

## <u>GENUINE DISPUTES OF MATERIAL FACTS</u>

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #6 (Clay's email stated, "My husband and I will not tolerate any more messages given to our daughter at school because of her skin color... As the administrator we trust you know the actions | Undisputed. |

**14**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| that need to be taken to address the issue.")<br><br>(Hylton Decl. ¶ 5, Ex. D; Clay Depo, 93:1-14.) | |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.)<br><br>(B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class.)<br><br>(Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F.) | Undisputed. |
| #26 (Victa was a counselor at Viejo Elementary during this school year.)<br><br>(Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F) | Undisputed. |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus.)<br><br>(Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F) | Disputed. Defendants' supporting evidence merely shows that Victa was "a little" concerned but that Becerra was *not* concerned about safety issues regarding the students at this time.<br><br>("Victa Depo" at pg. 26:9-11; pg. 24:21-23; pg. 25:2) |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class.)<br><br>Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F | Disputed. Defendants' supporting evidence does not distinguish which class Plaintiff or her brother were to be in, if any class at all, instead of recess, for example.<br><br>("Victa Depo" at pg. 34:8-25) |
| #29 (Ms. Victa was making sure that Plaintiff was safe.) | Disputed. |

**15**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| (Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F) | (B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom.)<br><br>(B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff.)<br><br>(B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B) | Disputed. Victa was aggressively following B.B., even to the door of the girls' restroom.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #33 (Becerra was far away from Plaintiff.)<br><br>(B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B) | Disputed. Becerra relatively close to the incident with Victa.<br><br>(Plaintiff's Exhibit A; Video footage) |
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie.)<br><br>(B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |

5. Victa is not entitled to qualified immunity as he did violate a clearly established constitutional right.

///

**16**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

## GENUINE DISPUTES OF MATERIAL FACTS

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class.)<br><br>(Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F.) | Undisputed. |
| #26 (Victa was a counselor at Viejo Elementary during this school year.)<br><br>(Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F) | Undisputed. |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus.)<br><br>(Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F) | Disputed. Defendants' supporting evidence merely shows that Victa was "a little" concerned but that Becerra was *not* concerned about safety issues regarding the students at this time.<br><br>("Victa Depo" at pg. 26:9-11; pg. 24:21-23; pg. 25:2) |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class.)<br><br>Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F | Disputed. Defendants' supporting evidence does not distinguish which class Plaintiff or her brother were to be in, if any class at all, instead of recess, for example.<br><br>("Victa Depo" at pg. 34:8-25) |
| #29 (Ms. Victa was making sure that Plaintiff was safe.)<br><br>(Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F) | Disputed.<br><br>(B.B.'s Response to Interrogatories propounded |

17

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| | by Cleo Victa No. 18) |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom.)<br><br>(B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff.)<br><br>(B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B) | Disputed. Victa was aggressively following B.B., even to the door of the girls' restroom.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |

6. Plaintiff's Third Cause of Action for "Intentional Infliction of Emotional Distress" and Fourth Cause of Action for "Negligent Hiring, Supervision, and/or Retention" do not fail as a matter of law.

## GENUINE DISPUTES OF MATERIAL FACTS

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #24 (Plaintiff never filed a Tort Claim prior to filing her Complaint.)<br><br>(Plaintiff's Response to District's Request for Admissions No. 16; Hylton Decl. ¶ 9, Ex. H) | Disputed. Chelsea Boyle, Plaintiff's mother and guardian ad litem, filed a tort claim and was going through the internal complaint process with CUSD, telling them she was seeking counsel, giving notice to the Defendants of |

**18**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | the claims herein. |
|---|---|
| | ("Defendants' Motion for Summary Judgment" at pg. 10) |

7. Plaintiff's Third Cause of Action for "Intentional Infliction of Emotional Distress" against Becerra does not fail to state a claim as Defendant suggests.

### GENUINE DISPUTES OF MATERIAL FACTS

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate.)<br><br>(B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A) | Disputed. Becerra told Plaintiff the drawing was "inappropriate" *and* "racist."<br><br>("B.B. Depo" Vol. 1, at pg 33:16-20) |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.)<br><br>(B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #18 (Becerra did not tell Plaintiff she had to sit out from recess.)<br><br>(B.B. Depo Vol. 2 63:13-15; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #22 (At no time when Plaintiff was at school was Becerra mean to her.)<br><br>(B.B. Depo Vol. 2, 51:2-5; Hylton Decl. ¶ 3, Ex. B) | Disputed. Becerra made B.B. feel ashamed and embarrassed for her drawing. Becerra also called B.B. a "liar" when B.B. wrote him a letter asking him to be kinder in the response of Boyle going through the appeals process. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| | (B.B.'s Response to Becerra's Interrogatories No. 15(3)) |
| #33 (Becerra was far away from Plaintiff.)<br><br>(B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B) | Disputed.  Becerra relatively close to the incident with Victa.<br><br>(Plaintiff's Exhibit A; Video footage) |
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie.)<br><br>(B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |

8. Plaintiff's Third Cause of Action for "Intentional Infliction of Emotional Distress" against Victa does not fail to state a claim as Defendant suggests.

## GENUINE DISPUTES OF MATERIAL FACTS

| Defendant's Uncontroverted Facts and Supporting Evidence | Plaintiff's Response and Supporting Evidence |
|---|---|
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class.)<br><br>(Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F.) | Undisputed. |
| #26 (Victa was a counselor at Viejo Elementary during this school year.)<br><br>(Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F) | Undisputed. |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus.)<br><br>(Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F) | Disputed.    Defendants' supporting evidence merely shows that Victa was "a little" concerned but that Becerra was *not* concerned about safety issues regarding |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| | the students at this time.<br><br>("Victa Depo" at pg. 26:9-11; pg. 24:21-23; pg. 25:2) |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class.)<br><br>Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F | Disputed. Defendants' supporting evidence does not distinguish which class Plaintiff or her brother were to be in, if any class at all, instead of recess, for example.<br><br>("Victa Depo" at pg. 34:8-25) |
| #29 (Ms. Victa was making sure that Plaintiff was safe.)<br><br>(Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F) | Disputed.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom.)<br><br>(B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff.)<br><br>(B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B) | Disputed. Victa was aggressively following B.B., even to the door of the girls' restroom.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |

**21**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

9.  Plaintiff's Fourth Cause of Action for "Negligent Hiring, Supervision and/or Retention" against Capistrano Unified School District does not fail to state a claim as Defendant suggests. Capistrano Unified School District did in fact breach its duty to Plaintiff in Negligent Supervision and/or Retention of Becerra and Victa.

## **GENUINE DISPUTES OF MATERIAL FACTS**

| | |
|---|---|
| #9 (Plaintiff alleges Becerra told Plaintiff that the drawing was inappropriate.)<br><br>(B.B. Depo Vol. 1, 33:24 – 34:4; Hylton Decl. ¶ 2, Ex. A) | Disputed.  Becerra told Plaintiff the drawing was "inappropriate" *and* "racist."<br><br>("B.B. Depo" Vol. 1, at pg 33:16-20) |
| #11 (Plaintiff further alleges Becerra told Plaintiff to apologize to M.C.)<br><br>(B.B. Depo Vol. 1, 22:4-7; Hylton Decl. ¶ 2, Ex. A) | Undisputed. |
| #25 (On August 23, 2022, Ms. Victa was asked to come outside by Mr. Becerra to help with a student who would not go back to class.)<br><br>(Deposition of Cleo Victa taken on October 11, 2023 ("Victa Depo") 18:11-20; Hylton Decl. ¶ 7, Ex. F.) | Undisputed. |
| #26 (Victa was a counselor at Viejo Elementary during this school year.)<br><br>(Victa Depo 13:18-20; Hylton Decl. ¶ 7, Ex. F) | Undisputed. |
| #27 (Ms. Victa was concerned that Plaintiff's brother would leave campus.)<br><br>(Victa Depo 26:9-11; Hylton Decl. ¶ 7, Ex. F) | Disputed.  Defendants' supporting evidence merely shows that Victa was "a little" concerned but that Becerra was *not* concerned about safety issues regarding the students at this time. |

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | |
|---|---|
| | ("Victa Depo" at pg. 26:9-11; pg. 24:21-23; pg. 25:2) |
| #28 (Ms. Victa was concerned for Plaintiff and her brother's safety because they were not in class.)<br><br>Victa Depo 34:8-14; Hylton Decl. ¶ 7, Ex. F | Disputed. Defendants' supporting evidence does not distinguish which class Plaintiff or her brother were to be in, if any class at all, instead of recess, for example.<br><br>("Victa Depo" at pg. 34:8-25) |
| #29 (Ms. Victa was making sure that Plaintiff was safe.)<br><br>(Victa Depo 32:24-33:1; Hylton Decl. ¶ 7, Ex. F) | Disputed.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #30 (Ms. Victa only asked Plaintiff "Can you go get your brother? I need to talk to him" prior to Plaintiff going into the bathroom.)<br><br>(B.B. Depo Vol. 2, 72:17-25; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #31 (During this interaction, Ms. Victa was being nice to Plaintiff.)<br><br>(B.B. Depo Vol. 2, 74:10-13; Hylton Decl. ¶ 3, Ex. B) | Disputed. Victa was aggressively following B.B., even to the door of the girls' restroom.<br><br>(B.B.'s Response to Interrogatories propounded by Cleo Victa No. 18) |
| #32 (Ms. Victa never spoke with Plaintiff about the drawing.)<br><br>(B.B. Depo Vol. 2, 67:25-68:2; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |
| #33 (Becerra was far away from Plaintiff.)<br><br>(B.B. Depo Vol. 2, 75:17-19; Hylton Decl. ¶ 3, Ex. B) | Disputed. Becerra relatively close to the incident with Victa.<br><br>(Plaintiff's Exhibit A; Video |

**23**

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

| | footage) |
|---|---|
| #34 (During this interaction, Mr. Becerra was not moving, he was talking on his walkie talkie.)<br><br>(B.B. Depo Vol. 2, 75:5-6; 11-16; Hylton Decl. ¶ 3, Ex. B) | Undisputed. |

DATED: January 22, 2024       **HEATH LAW, PLLC**

By:   /s/ Amber R. Terry          
               **AMBER R. TERRY**
               *Attorney for Plaintiff*

**PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACTS AND CONCLUSIONS OF LAW IN OPPOSITION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**