**LEX REX INSTITUTE**
ALEXANDER H. HABERBUSH, ESQ. SBN 330368
DEBORAH L. PAULY, ESQ. SBN 350345
444 West Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone: (562) 435-9062
E-mail: AHaberbush@LexRex.org

**HEATH LAW, PLLC**
RYAN L. HEATH, ESQ. AZ SBN 036276*
AMBER R. TERRY, ESQ.  DC SBN 1766035*
16427 N. Scottsdale Rd., Suite 370
Scottsdale, Arizona 85254
Telephone: (480) 522-6615
E-mail: ryan.heath@heathlaw.com
E-mail: amber.terry@heathlaw.com
*pro hac vice*
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.B., a minor by and through her mother, Chelsea Boyle,<br><br>Plaintiffs,<br><br>v.<br><br>CAPISTRANO UNIFIED SCHOOL DISTRICT; JESUS BECERRA, an individual in his individual and official capacities; CLEO VICTA, an individual in her individual and official capacities; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 8:23-cv-00306-DOC-ADS<br><br>*Assigned for All Purposes to:*<br>*Hon. David O. Carter – Courtroom 10A*<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>*Trial Date: March 12, 2024*<br><br>*Complaint Filed: February 21, 2023* |

**1**
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

# TABLE OF CONTENTS

MEMORANDUM OF CONTENTIONS OF FACT AND LAW………...1

I. FACTUAL CONTENTIONS…………………………….…...…....…1

II. LEGAL CONTENTIONS: CLAIMS AND DEFENSES…….…..……..2

   A. Claims Plaintiff Has Pled and Plans to Pursue……………….……..2

   B. Elements Required to Establish Plaintiff's Claims……………………3

   C. Brief Description of Key Evidence in Support of Plaintiff's Claims………………………...………………………………………..4

   D. Defendants' Affirmative Defenss…………………………………...7

   E. Brief Description of Evidence in Opposition to Affirmative Defenses………………………………………………………..……...8

   F. Anticipated Evidentiary Issues……………………………..………10

III. BIRFURCATION OF ISSUES…...………………………….………..10

IV. JURY TRIAL…………………….……………………………………11

V. ATTORNEY'S FEES……………...……………………………………11

VI. ABANDONMENT OF ISSUES…………………………....…………11

# TABLE OF AUTHORITIES

## CASES

*Boquist v. Courtney*, 32 F.4th 764 (9th Cir. 2022) ............................................. 3

*D.Z. v. Los Angeles Unified Sch. Dist.*, 35 Cal.App.5th 210 (2019). ..................... 4

Hartman v. Moore, 547 U.S. 250 (2006). ................................................................ 3

*Hensley v. Eckerhart*, 461 U.S. 424 (1983). ......................................................... 11

*Herrington v. Cnty. of Sonoma*, 883 F.2d 739 (9th Cir. 1989) ............................. 11

*Hughes v. Pair*, 46 Cal. 4th 1035 (2009). ............................................................... 4

*Loher v. Ventura Cnty.*, 147 Cal.App.3d 1071 (1983). ........................................... 8

*Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969). ................................................................................................................. 3

*United States v. Puerta*, 982 F.2d 1297 (1992). ..................................................... 8

## STATUTES

42 U.S.C. § 1983 ............................................................................... 2-5, 8, 11

## OTHER AUTHORITIES

CACI No. 1600 ........................................................................................................ 4

CACI No. 426 .......................................................................................................... 4

Ninth Circuit Manual of Model Civil Jury Instructions § 9.11 (2007) ................... 3

Ninth Circuit Manual of Model Civil Jury Instructions § 9.34 (2007) ................... 8

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Plaintiff B.B. ("B.B."), by and through her mother and guardian ad litem, Chelsea Boyle ("Boyle") hereby submits her Memorandum of Contentions of Fact and Law pursuant to Rule 16-4 of the Local Rules of the United States District Court for the Central District of California. B.B. reserves the right to amend and/or supplement her contentions of fact and law based on the Court's ruling on the parties' Motions for Summary Judgment, the Court's rulings on the motions in limine, and other pre-trial filings:

### I. FACTUAL CONTENTIONS

Plaintiff B.B. ("B.B.") was a seven-year-old first grade student at Viejo Elementary School in March 2021 when she drew a picture that included the phrase "Black Lives Mater" and "any life." B.B. gifted the drawing to her friend, who is also a classmate, Marlena Clay ("M.C."). M.C. put the drawing in her backpack and when she got home that day, M.C.'s mother, Cathy Clay ("Clay") went through her daughter's backpack and found the drawing.

On March 31, 2021, the principal of Viejo Elementary School at the time, Jesus Becerra, ("Becerra") approached B.B. and encouraged her to follow him. Other students were still around. B.B. followed Becerra and was met with a reprimand for the drawing and told that the drawing was not only "inappropriate" and "racist" but that B.B. was not allowed to create pictures for her friends anymore. Before walking away, Becerra made sure to tell B.B. she needed to apologize for the drawing and would later be told she was to sit out of recess for two weeks. the paraeducator, Ms. Mesa, that B.B. was to sit out of recess for two weeks. B.B. was given no other explanation but felt too discouraged at this point to question the discipline. B.B. did in fact sit out of recess for the next two weeks.

B.B. did not discuss the events that occurred with Becerra on March 31, 2021, with her parents as she feared further punishment for the drawing at home. It would

not be until eleven (11) months later that B.B.'s mother, Chelsea Boyle ("Boyle") would find out through another parent at the school, Jennifer Owen, ("Owen") about what had transpired. Boyle immediately reached out to Becerra and Capistrano Unified School District ("CUSD") for an investigation. Boyle went through the formal complaint process with CUSD and submitted a Tort Claim and e-mails to apprise them of the issues that were still unresolved.

As a result of Boyle demanding a proper investigation into the disciplinary actions taken regarding B.B. and her drawing, B.B. was retaliated against by Becerra and Cleo Victa ("Victa"). B.B. was walking outside in the school courtyard and realized her brother was distraught. B.B. attempted to console her brother but found Victa was following uncomfortably close. B.B. asked Victa to leave them alone but Victa refused. Again, all the while Becerra stood by doing nothing. B.B.'s brother eventually went back to class and B.B., still scared, went to the restroom, where Victa began to follow her further, *into* the girls' restroom. B.B. called her mother, Boyle, and asked her mother to pick her and her brother up.

## II. LEGAL CONTENTIONS: CLAIMS AND DEFENSES

Plaintiff details a summary of the claims at issue in this case. The summaries are not to be an exhaustive summary of all evidence. Plaintiff contends that some of the summaries listed herein may not be issues relevant to trial as the Court is still in the process of ruling on the Defendants' Motion for Summary Judgment.

### A. Claims Plaintiff Has Pled and Plans to Pursue

<u>Claim 1:</u> Defendant Jesus Becerra ("Becerra") violated B.B.'s First Amendment right to Freedom of Speech in violation of state and federal Constitution under 42 U.S.C. § 1983.

<u>Claim 2:</u> Defendants Becerra and Cleotilde Victa ("Victa") violated B.B.'s First Amendment right through retaliatory harassment under 42 U.S.C. § 1983.

<u>Claim 3:</u> Defendant Capistrano Unified School District ("CUSD") negligently

**2**
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

supervised and/or retained its employees, Becerra and Victa.

<u>Claim 4</u>:  Defendants Becerra and Victa intentionally inflicted emotional distress on B.B.

**B. Elements Required to Establish Plaintiff's Claims**

<u>Claim 1</u>: Defendant Becerra violated B.B.'s First Amendment right to Freedom of Speech in violation of state and federal Constitution under 42 U.S.C. § 1983.

1. That B.B. was engaged in a constitutionally protected activity;
2. That Becerra's actions against B.B. would chill a person of ordinary firmness from continuing to engage in the protected activity; and
3. B.B.'s protected activity was a substantial or motivating factor in the Becerra's conduct.

See Ninth Circuit Manual of Model Civil Jury Instructions § 9.11 (2007). *See Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969).

<u>Claim 2</u>: Defendants Becerra and Victa violated B.B.'s First Amendment right through retaliatory harassment under 42 U.S.C. § 1983.

1. That B.B. was engaged in speech protected by the First Amendment;
2. That Becerra and Victa's actions would chill a person from continuing to engage in the speech; and
3. That B.B.'s protected speech was a substantial motivating factor in Becerra and Victa's decision to retaliate.

See Ninth Circuit Manual of Model Civil Jury Instructions 9.11 (2007). *Hartman v. Moore*, 547 U.S. 250, 260 (2006). *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022).

<u>Claim 3</u>: Defendant CUSD's Negligent Supervision and/or Retention of Defendant Becerra and Defendant Victa.

1. That CUSD hired Becerra and Victa;
2. That Becerra and Victa became unfit to perform the work for which they

**3**
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

were hired;

3. That CUSD knew or should have known that Becerra and Victa became unfit and that this unfitness created a particular risk to others;

4. That Becerra and Victa's unfitness harmed B.B.; and

5. That CUSD's negligence in supervising or retaining Becerra and Victa was a substantial factor in causing B.B.'s harm.

See CACI 426 Negligent Hiring, Supervision, or Retention. *D.Z. v. Los Angeles Unified Sch. Dist.*, 35 Cal.App.5th 210, 229 (2019).

<u>Claim 4</u>: B.B.'s Claim for Intentional Infliction of Emotional Distress.

1. That Becerra and Victa acted extreme and outrageous with the intention of causing, or reckless disregard of the probability of causing, emotional distress;

2. That B.B. suffered severe or extreme emotional distress; and

3. That B.B.'s emotional distress was the actual and proximate cause of Becerra and Victa's outrageous conduct.

See CACI 1600 Intentional Infliction of Emotional Distress. *Hughes v. Pair*, 46 Cal. 4th 1035 (2009).

**C. Brief Description of Key Evidence in Support of Plaintiff's Claims**

<u>Claim 1</u>: Defendant Becerra violated B.B.'s First Amendment right to Freedom of Speech in violation of state and federal Constitution under 42 U.S.C. § 1983.

B.B. was a 7-year-old student at Viejo Elementary School on March 31, 2021. While a first-grade student, B.B. drew a picture that portrayed children of various races holding hands with the words "Black Lives Mater" and "any life" written above them. On March 31, 2021, Becerra, who was the principal of B.B.'s school, approached B.B. during recess and implied for her to follow him. Becerra asked B.B. if she had drawn the above-described picture, in which she openly informed Becerra that she had. Becerra reprimanded B.B. for the drawing, labeling it

4
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

"inappropriate" and "racist." Further, Becerra told B.B. that she would not be allowed to draw pictures for her friends anymore, that she needed to apologize for the drawing that she gave to M.C. and was subsequently made to sit out of recess for two weeks as a result of the drawing. B.B.'s drawing did not cause a disruption in the classroom, nor pose any threat to other students or staff on the campus. B.B. was so vulnerable and shamed by Becerra's discipline, that B.B. only continued to draw only in secret. B.B. did not tell her parents about the incident because she feared further punishment. However, another student's mother at the school, Jennifer Owen, informed B.B.'s mother, Boyle eleven (11) months later. Becerra specifically reprimanded B.B. for her drawing because it contained the phrase "Black Lives Mater" and "any life." B.B., a minor child, was unaware of any controversial or political views associating with this phrase. The only motivation by Becerra for disciplining B.B. for the drawing was because of the words she chose to display. Without the words "Black Lives Mater" and "any life," Becerra would not have disciplined her.

<u>Claim 2:</u> Violation of B.B.'s First Amendment right against Retaliatory Harassment under 42 U.S.C. § 1983.

**March 31, 2021**

As a result of the reprimand B.B. received from Becerra for the drawing, B.B. would only continue to draw pictures for her friends in secret, for fear of further punishment. Becerra's own words labeled B.B.'s drawing as "inappropriate" and "racist." Becerra specifically reprimanded B.B. for her drawing because it contained the phrase "Black Lives Mater" and "any life." Without the words on her drawing, Becerra would have not disciplined her. Therefore, B.B.'s protected activity was a substantial or motivating factor for Becerra's disciplinary conduct.

**August 23, 2022**

On August 23, 2022, as seen in video footage, B.B. walked out into the school

**5**
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

courtyard where she noticed her brother was obviously distraught and uncomfortable. B.B. attempted to approach and console her brother when she noticed Victa was closely following them. B.B. asked Victa to leave them alone, but she persisted. B.B. attempted to move about the courtyard, with her brother, to find a safe space to talk. B.B.'s brother eventually left the scene when B.B., now distraught and scared, ran to the girls' restroom to further avoid Victa. However, Victa continued to pursue B.B. even to the restroom, where B.B. then used her smart watch and called her mother to pick her up. Prior to this interaction, the March 31, 2021, incident was under investigation by CUSD, in which Boyle had requested further appeals. Victa, knowing the ongoing contentions between B.B.'s family and the school, had made comments regarding B.B.'s mother prior to this interaction. Further, Becerra was present during this interaction, yet did not approach nor offer support to B.B. Boyle picked B.B. up from school, once again, notifying CUSD of its staff's actions.

<u>Claim 3</u>: Defendant Capistrano Unified School District's Negligent Supervision and/or Retention of Becerra and Victa.

Becerra was the principal of Viejo Elementary School, a school located within CUSD. CUSD initially became aware that there were complaints lodged against Becerra, by B.B.'s mother, Boyle, regarding the drawing incident. CUSD initially tasked Becerra with investigating himself. However, Boyle appealed his initial decision. During this time, CUSD did not once dismiss nor suspend Becerra from his role as the school principal nor require further trainings on the topic of free speech or student discipline. Becerra has not received any recent trainings on these topics. CUSD was aware that Boyle had concerns and reservations about Becerra being allowed around her children, but those concerns were never acted upon by CUSD. CUSD was on notice that Victa should not have been left around B.B. It was because of CUSD's actions here, that B.B. suffered the incident that occurred on

August 23, 2022.

Claim 4: B.B.'s Claim for Intentional Infliction of Emotional Distress.

As a result of Boyle demanding a proper investigation into the disciplinary actions taken regarding B.B. and her drawing, B.B. was retaliated against by Becerra and Victa. During the appeals process, as described above, B.B.'s brother was walking in the school courtyard, near the school buildings and still within schoolhouse gates, when Becerra called Victa, the school counselor, to monitor B.B.'s brother. B.B. walked outside and realized her brother was distraught. B.B. attempted to console her brother but found Victa was following aggressively close. B.B. asked Victa to leave them alone but Victa refused, keeping a close distance. Again, all the while Becerra stood by doing nothing. B.B., a minor elementary school student, was nervous and scared. B.B. decided to run toward the restroom but Victa continued to stalk her. B.B. used her smart watch to call her mother, Boyle, asking her to pick her up immediately because she was not being left alone. This interaction caused, and continues to cause B.B., severe emotional distress, which now manifests into physical injuries.

**D. Defendants' Affirmative Defenses**

Defendants have informed Plaintiff that they will assert the following affirmative defenses at trial:

First Affirmative Defense: Qualified Immunity;

Second Affirmative Defense: Discretionary Immunity; and

Third Affirmative Defense: Failure to Comply with the Tort Claim Requirement.

Elements Required to Establish Defendants' Affirmative Defense of "Qualified Immunity"

1. Whether there was a violation of B.B.'s constitutional right; and
2. Whether the constitutional right was clearly established at the time Becerra or

Victa acted.

See Ninth Circuit Manual of Model Civil Jury Instructions § 9.34 (2007).

<u>Elements Required to Establish Defendants' Affirmative Defense of "Discretionary Immunity"</u>

Defendants only just raised this Defense in their most recent Reply (Dkt. 79). By failing to assert this Defense in their initial Answer and giving Plaintiff an opportunity to respond, Defendants have effectively waived it. *See United States v. Puerta*, 982 F.2d 1297 (1992). Further, Plaintiff is not aware of any jury instruction that sets forth the elements of a purported Affirmative Defense of "Discretionary Immunity." Once Defendant provides the applicable jury instruction, Plaintiff will respond accordingly.

<u>Elements Required to Establish Defendants' Affirmative Defense of "Failure to Comply with the Tort Claim Requirement"</u>

This Court has already ruled that this Defense is inapplicable. The Tort Claim filed in this case effectively put CUSD on notice and is not a basis for dismissal of the state law claims. (Dkt. 55, FN 5). *See Loher v. Ventura Cnty.*, 147 Cal.App.3d 1071, 1083 (1983). Further, Plaintiff is not aware of any jury instruction that sets forth the elements of a purported Affirmative Defense of "Failure to Comply with the Tort Claim Requirement." Once Defendant provides the applicable jury instruction, Plaintiff will respond accordingly.

**E. Brief Description of Evidence in Opposition to Affirmative Defenses**

First Affirmative Defense: Qualified Immunity

It is illogical for Defendants to claim immunity for their actions when the basis of their Defense is that the underlying claims have never occurred. However, B.B. will show the following:

**March 31, 2021**

B.B. will show that the underlying constitutional violation of her First

**8**
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

1 Amendment right to free speech was a protected activity. B.B.'s drawing was
2 inherently innocent and raised no concerns for the safety or rights of other students.
3 B.B.'s drawing did not distract from classroom activities nor cause a substantial
4 disruption. B.B.'s act of drawing the picture that states "Black Lives Mater" and
5 "any life" was protected and was a clearly established right at the time that Becerra
6 disciplined her. Becerra, a school principal, was well equipped with the knowledge
7 that students still maintain the right to free speech as evidenced by school board
8 policy.  Becerra's discipline of B.B. was wholly unconstitutional by referring to the
9 drawing as "inappropriate," "racist," telling B.B. to refrain from drawing pictures
10 anymore, demanding that B.B. apologize for the drawing and further forcing B.B. to
11 sit out of recess for two weeks.

**August 23, 2022**

B.B. will show that the underlying constitutional violation of her First Amendment right to free speech was a protected activity. The right of B.B., to be free from retaliatory actions in relation to the drawing, were clearly established at the time Becerra and Victa acted. Becerra's actions of disciplining B.B. for the drawing initially, were unconstitutional and the subsequent actions of Becerra and Victa on this day resulted in B.B. being harassed. B.B. intends to prove that there was an ongoing investigation into the March 2021 incident, leading Becerra to be hostile toward B.B. as a result. Further, if needed, Plaintiff intends to prove that Victa had made comments about B.B.'s mother prior, labeling her "mentally unstable." B.B. intends to show that Victa aggressively followed her around the courtyard of the school and went so far as to follow B.B. to the girls' restroom. B.B. intends to prove that B.B.'s right to be free from retaliatory harassment was clearly established at the time of Victa's actions on this date.

Second Affirmative Defense: Discretionary Immunity

Plaintiff herein realleges all key evidence used in Qualified Immunity.

**9**
**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Further, B.B. intends to prove that Defendant's discipline and harassment of her would be outside the bounds of discretion enabled to them by CUSD. CUSD maintains Board Policy which lays out the protections for free speech, specifically calling for no discipline in an area such as this – leaving no discretion for Becerra or Victa to stand behind.

Third Affirmative Defense: Failure to Comply with the Tort Claim Requirement

B.B. reemphasizes that this Court has already found that there was a sufficient Tort Claim form provided to allow CUSD be on notice. (Dkt. 55, FN 5). However, if required, B.B. intends to prove that she complied with the Tort Claim Requirement when her mother, Boyle, filed a Tort Claim Form on behalf of her *minor* daughter, and described in detail the discipline that occurred regarding the March 2021 incident. B.B.'s mother also sent an e-mail to Capistrano Unified School District informing them that she was seeking counsel if Capistrano Unified School District could not finalize a resolution. Further, B.B. will provide video evidence that Plaintiff's Counsel attended a Capistrano Unified School District board meeting and physically gave the Board a copy of the Tort Claim Form and put them on notice of a potential lawsuit if they could not remedy the concerns from the drawing incident.

### F. Anticipated Evidentiary Issues

Plaintiff anticipates that there may be issues on both sides regarding the production of video footage and disciplinary reports. Plaintiff is going to continue to meet and confer with Defendants on this issue. Plaintiff is hopeful that this issue can be resolved without the Court's intervention.

### III. BIFURCATION OF ISSUES

Plaintiff does not request bifurcation of the issues.

///

///

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

## IV. JURY TRIAL

Plaintiff's claims are triable to a jury as a matter of right. Plaintiff timely demanded a jury trial when she filed the instant action on February 21, 2023.

## V. ATTORNEY'S FEES

Plaintiff is entitled to recover as a matter of right her attorney's fees under her 42 U.S.C. § 1983 claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). *See also Herrington v. Cnty. of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989).

## VI. ABANDONMENT OF ISSUES

Plaintiff has not stipulated nor abandoned any claims.

Defendant has not stipulated nor abandoned any claims.

HEATH LAW, PLLC

DATED: February 13, 2024     By: __/s/ Amber R. Terry__
                                **AMBER R. TERRY**
                                *Attorneys for Plaintiff*